```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,           :    INFORMATION

           -v.-                     :    S1 10 Cr. 326 (AKH)

SYBIL NANCY UPHAM,                  :

           Defendant.               :

- - - - - - - - - - - - - - - - - -x
```

## COUNT ONE
### (Conspiracy)

The United States Attorney charges:

### Introduction

1. At all times relevant to this Information, the Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

2. At all times relevant to this Information, UBS AG ("UBS") was a corporation organized under the laws of Switzerland. UBS, directly and through its subsidiaries, operated a global financial services business. Among other things, UBS provided banking, wealth management, and asset management services all over the world, including to United States taxpayers living in the Southern District of New York.

3. Beginning at least in or about 2000, UBS, through various of its employees, engaged in a scheme to assist United States taxpayers who had accounts at UBS in Switzerland in

concealing the existence of the accounts, and the income earned in the accounts, from the IRS.

4.  Among the means by which UBS assisted certain United States taxpayers who had accounts at UBS in concealing the existence of the UBS accounts, and the income earned in UBS accounts, from the IRS, were the following:

a.  Using sham corporations and foundations formed under the laws of offshore jurisdictions to conceal, from the IRS, the ownership by United States taxpayers of certain UBS accounts;

b.  Accepting and including in UBS's account records IRS Forms W8-BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding) and UBS's equivalent forms that falsely stated that sham offshore corporations and foundations were the beneficial owners of certain UBS accounts when, in fact, as UBS and the United States taxpayers well knew, United States taxpayers were the beneficial owners of those UBS accounts.

### The Conspirators

5.  At all times relevant to this Information, SYBIL NANCY UPHAM, the defendant, was a United States citizen.

6.  In addition to conspiring with UBS, SYBIL NANCY UPHAM, the defendant, conspired with, among others, a Swiss financial advisor ("Swiss Financial Advisor A"). Swiss Financial

Advisor A, an independent Swiss financial advisor who is a co-conspirator not named as a defendant herein, was the sole owner of a boutique trust company based in Zurich, Switzerland. He became a Certified Public Accountant after graduating from the University of Applied Science, School of Economics. He is also a member of the Swiss Institut of Certified Accountants and Tax Consultants. Beginning in or about 2005, he served as a nominee director of Grand Partner International Limited, a sham corporation formed to conceal UPHAM's beneficial ownership of a UBS account, as described in more detail below.

### UPHAM's UBS Accounts

7. At various times relevant to this Information, SYBIL NANCY UPHAM, the defendant, maintained at least the following accounts at UBS (collectively, the "UPHAM UBS Accounts"):

#### UPHAM's Rivaro Account

a. On or about February 3, 1993, in Vaduz, Liechtenstein, UPHAM opened and caused to be opened a UBS account in the name of Rivaro Foundation ("Rivaro Account"), a sham foundation formed under the laws of Liechtenstein. That same day, UPHAM signed a UBS document naming her as an authorized signatory of the Rivaro Account.

b. At all times relevant to this Information, UPHAM was the sole beneficial owner of the Rivaro Account.

3

Indeed, in or about April 1994, UPHAM caused to be completed a UBS document listing her as the sole beneficial owner of the Rivaro Account. This document listed UPHAM's home address in New York, New York.

   c. On or about July 22, 2000, in Zurich, Switzerland, UPHAM signed a UBS document instructing UBS as follows: "I would like to avoid disclosure of my identity to the US Internal Revenue Service under the new tax regulations."

   d. On or about March 5, 2004, in New York, New York, UPHAM signed and thereby caused the Rivaro Foundation to enter into an Asset Management Agreement with UBS.

### UPHAM's Grand Partner Account

   e. On or about April 7, 2005, UPHAM, Swiss Financial Advisor A and others caused to be opened a new UBS account in the name of Grand Partner International Limited ("the Grand Partner Account"), a sham corporation formed under the laws of Hong Kong. Also on or about April 7, 2005, UPHAM, Swiss Financial Advisor A and others caused to be completed a UBS account opening document affirming that UPHAM was the sole beneficial owner of the Grand Partner Account. Swiss Financial Advisor A signed this document in his capacity as a "Director" of Grand Partner International Limited. Through this document, UPHAM and Swiss Financial Advisor A instructed UBS to send all correspondence regarding the Grand Partner Account to Swiss

4

Financial Advisor A's boutique trust company in Zurich, Switzerland. By doing so, UPHAM, UBS and Swiss Financial Advisor A prevented UBS from mailing account statements and other correspondence to UPHAM in New York, New York, where such documents would be within the reach of United States law enforcement authorities. Also on or about April 7, 2005, Swiss Financial Advisor A signed a UBS document listing him as an authorized signatory on the Grand Partner Account, in his capacity as a "Director" of Grand Partner International Limited.

      f. On or about April 7, 2005, January 16, 2006, and February 21, 2008, UPHAM and Swiss Financial Advisor A caused to be completed UBS documents entitled "Substitute Form W-8BEN," in which Swiss Financial Advisor A, in his capacity as a "Director" of Grand Partner International Limited, falsely certified, under penalties of perjury, that Grand Partner International Limited was the "beneficial owner" of the Grand Partner Account "according to U.S. tax law."

      g. In or about May 2005, UPHAM instructed UBS, through a letter that she signed, to transfer all assets in the Rivaro Account to the newly formed Grand Partner Account and close the Rivaro Account. Thereafter, UBS did so.

      h. On or about August 19, 2005 and October 16, 2005, Swiss Financial Advisor A signed Asset Management Agreements between UBS and Grand Partner International Limited.

5

      i.    The year-end account balances in UPHAM's Rivaro and Grand Partner Accounts were approximately as follows:

| Year | Rivaro Account Year-end Balance | Grand Partner Account Year-end Balance |
|---|---|---|
| 2000 | $5,914,481 | N/A |
| 2001 | $6,248,041 | N/A |
| 2002 | $6,815,602 | N/A |
| 2003 | $7,698,177 | N/A |
| 2004 | $8,251,436 | N/A |
| 2005 | N/A | $8,470,089 |
| 2006 | N/A | $9,959,711 |
| 2007 | N/A | $11,141,097 |
| 2008 | N/A | $9,749,757 |

### Cash Withdrawals from the Grand Partner Account

8.    Any person who physically transports, mails, or ships, or causes to be physically transported, mailed, or shipped, currency or other monetary instruments in an aggregate amount exceeding $10,000 at one time into the United States from any place outside the United States must immediately file FinCEN Form 105 with U.S. Customs and Border Protection ("U.S. Customs"). In addition, any person who receives in the United States currency or other monetary instruments in an aggregate amount exceeding $10,000 at one time which have been transported, mailed, or shipped to the person from any place outside the United States, must also immediately file FinCEN Form 105 with U.S. Customs. FinCEN Form 105 requires the filer to identify

himself or herself, provide information concerning the method of importation, and report the type and amount of currency or other monetary instrument imported, among other things.

9. On various occasions from in or about May 2005 to in or about December 2008, SYBIL NANCY UPHAM, the defendant, caused large sums of currency to be withdrawn from her accounts in Zurich, and imported and caused such currency to be imported to the United States without filing or causing to be filed FinCEN Forms 105. For example, on or about December 6, 2008, UPHAM flew from New York to London. On or about December 8, 2008, UPHAM caused to be withdrawn approximately $60,000 in currency from the Grand Partner Account. On or about December 10, 2008, UPHAM flew from London to New York. At no time in or about December 2008 or thereafter did UPHAM file FinCen Form 105 to report the importation or receipt, in or about December 2008, of more than $10,000 in cash from Switzerland to the United States.

### UBS Documents Concerning UPHAM

10. Pursuant to its due diligence obligations under Swiss law, UBS maintained documents and information concerning SYBIL NANCY UPHAM, the defendant, in its business records. These records included a copy of UPHAM's United States passport. These records also included information that UPHAM's funds were transferred to Switzerland "many years ago" and were "administered afterwards very well."

**UPHAM's Transfer of $8.6 million from UBS to a Liechtenstein Bank Following Major News Reports Concerning the Government's Criminal <u>Investigation Into UBS's U.S. Cross-Border Banking Business</u>**

11. On or about May 6, 2008, UBS publicly disclosed that United States and Swiss law enforcement authorities were investigating its Swiss-based private banking business for United States taxpayers living in the United States ("UBS's U.S. cross-border banking business").

12. On or about May 14, 2008, a federal grand jury sitting in the Southern District of Florida returned an indictment against Mario Staggl, an independent Swiss financial advisor, and Bradley Birkenfeld, a United States citizen who had worked as a director of UBS's U.S. cross-border banking business. The indictment charged Staggl and Birkenfeld with conspiracy to defraud the United States by helping U.S. taxpayers evade taxes by using sham entities to conceal their beneficial ownership of Swiss-based UBS accounts from the IRS.

13. On or about May 15, May 23, and May 30, 2008, a major news organization based in New York, New York reported that the United States Government was actively conducting a criminal investigation of UBS's U.S. cross-border banking business. One such article, published on or about May 30, 2008, reported that Bradley Birkenfeld was expected to enter a guilty plea and cooperate with investigators, and that UBS was cooperating with the criminal inquiry. The article also stated, "Mr. Birkenfeld's

case underscores how federal authorities are stepping up scrutiny of offshore transactions that allow wealthy investors to avoid taxes. The inquiry focuses on American clients of UBS's private bank, based in Zurich[.]".

14. On or about June 5, 2008, SYBIL NANCY UPHAM, the defendant, began to move the funds held in the Grand Partner Account to an account held in the name of a sham corporation at a bank based in Liechtenstein ("Liechtenstein Bank A"). UPHAM was the beneficial owner of the Liechtenstein Bank A account. Through a total of nine separate transfers from on or about June 5, 2008 through on or about March 31, 2009, UPHAM moved approximately $8,554,598 from UBS to Liechtenstein Bank A. Unlike UBS, Liechtenstein Bank A does not have offices in the United States.

### UPHAM's False Tax Returns

15. Citizens and Lawful Permanent Residents of the United States who have income in excess of a threshold amount in any one calendar year are obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), for that calendar year with the IRS. On such returns, United States taxpayers are obligated to report their worldwide income.

16. For calendar years 2004, 2006, and 2007, SYBIL NANCY UPHAM, the defendant, filed Forms 1040 with the IRS after signing them under penalties of perjury. For calendar year 2005,

9

UPHAM handed her Form 1040 to an IRS official without signing it. On each of these returns, UPHAM reported her adjusted gross income and total tax due, among other things. For each of these years, UPHAM willfully failed to report income earned from her Rivaro and Grand Partner Accounts. For 2003 to 2007, these approximate amounts were at least as follows:

| Calendar year | Adjusted Gross Income Reported on Form 1040 | Total Tax Reported on Form 1040 | Unreported Income from UBS Accounts | Additional Federal Tax Due and Owing |
|---|---|---|---|---|
| 2003 | $79,266 | $0 | $803,467 | $142,789 |
| 2004 | $82,681 | $0 | $320,771 | $94,838 |
| 2005 | $151,892 | $6,202 | $491,089 | $136,300 |
| 2006 | $173,711 | $8,486 | $773,517 | $174,954 |
| 2007 | $178,767 | $3,924 | $723,882 | $191,630 |
| Totals | $666,317 | $18,612 | $3,115,726 | $740,511 |

17. In addition, on Schedule B of Form 1040, a U.S. taxpayer must indicate whether, at any time during the relevant calendar year, the taxpayer had "an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." If the taxpayer answers that question in the affirmative, then he or she must indicate the name of the country in which the account is located.

18. For calendar years 2004, 2006, and 2007, SYBIL NANCY UPHAM, the defendant, under penalties of perjury, falsely certified on Schedule B of Form 1040 that she did not have an

10

interest in, or a signature or other authority over, a financial account in a foreign country, when, in truth and in fact, as UPHAM well knew, she was the sole beneficial owner of the UPHAM UBS Accounts during those years. UPHAM also made the same false representation on her 2005 return, which she did not sign.

### Statutory Allegations

19. From at least in or about 1993 through in or about 2009, in the Southern District of New York and elsewhere, SYBIL NANCY UPHAM, the defendant, UBS, Swiss Financial Advisor A, a co-conspirator not named as a defendant herein, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate and agree together and with each other to defraud the United States and an agency thereof, to wit, the Internal Revenue Service of the United States Department of the Treasury, and to commit offenses against the United States, to wit, violations of Title 26, United States Code, Section 7206(1).

### Objects of the Conspiracy

20. It was a part and an object of the conspiracy that SYBIL NANCY UPHAM, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did defraud the United States of America and the IRS by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, and collection of income taxes.

11

21. It was further a part and an object of the conspiracy that SYBIL NANCY UPHAM, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did make and subscribe and cause others to make and subscribe United States individual income tax returns, which returns contained and were verified by written declaration that they were made under the penalties of perjury, and that the defendants and their co-conspirators did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1).

22. It was further a part and an object of the conspiracy that SYBIL NANCY UPHAM, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly conceal more than $10,000 in currency and other monetary instruments on the person of individuals and in conveyances, articles of luggage, merchandise, and other containers, and would and did transport and transfer and attempt to transport and transfer such currency and monetary instruments from places outside the United States, to wit, Switzerland and the United Kingdom, to a place within the United States, to wit, New York, New York, in violation of Title 31, United States Code, Section 5332.

## **Means and Methods of the Conspiracy**

23. Among the means and methods by which SYBIL NANCY UPHAM, the defendant, and her co-conspirators, would and did carry out the conspiracy were the following:

    a. UPHAM and her co-conspirators established UBS accounts in the name of sham entities for the purpose of hiding UPHAM's beneficial ownership of the accounts from the IRS.

    b. Swiss Financial Advisor A signed UBS's substitute forms for IRS Forms W8-BEN that falsely declared, under penalties of perjury, that these sham entities were the beneficial owners of UPHAM's accounts, when, as UPHAM, UBS, and Swiss Financial Advisor A well knew, UPHAM was the sole beneficial owner of these accounts.

    c. To avoid detection by United States law enforcement authorities, UPHAM, UBS, and Swiss Financial Advisor A agreed that all correspondence relating to the Grand Partner Account would not be mailed to her in New York, New York, but would be mailed to Swiss Financial Advisor A in Zurich.

    d. To avoid detection by United States law enforcement authorities, UPHAM and others traveled to Switzerland from the United States in order to withdraw and/or receive funds from the UPHAM UBS and/or Liechtenstein Bank A Accounts, and then imported the funds into the United States without notifying U.S. Customs and filing the appropriate forms, as required.

**Overt Acts**

24.  In furtherance of the conspiracy and to effect its illegal objects, SYBIL NANCY UPHAM, the defendant, her co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a.  From on or about July 21, 2000 to on or about October 3, 2006, UPHAM and/or Family Member A met and spoke on numerous occasions with UBS client advisors in New York, New York.

   b.  On or about February 20, 2006, UPHAM signed, under penalties of perjury, and filed and caused to be filed with the IRS, an Individual Income Tax Return, Form 1040, for herself and her spouse for calendar year 2004, on which she failed to report income that she had earned in the UPHAM UBS Accounts that year, and which falsely reported that UPHAM did not have an interest in, or signature or other authority over, a foreign bank account in 2004.

   c.  In or about December 2007, UPHAM filed and caused to be filed with the IRS, an Individual Income Tax Return, Form 1040, for herself and her spouse for calendar year 2005, on which she failed to report income that she had earned in the UPHAM UBS Accounts that year, and which falsely reported that UPHAM did not have an interest in, or signature or other authority over, a foreign bank account in 2005.

14

         d.    On or about January 8, 2008, UPHAM signed, under penalties of perjury, and filed and caused to be filed with the IRS, an Individual Income Tax Return, Form 1040, for herself and her spouse for calendar year 2006, on which she failed to report income that she had earned in the UPHAM UBS Accounts that year, and which falsely reported that UPHAM did not have an interest in, or signature or other authority over, a foreign bank account in 2006.

         e.    On or about April 12, 2008, UPHAM signed, under penalties of perjury, and filed and caused to be filed with the IRS, an Individual Income Tax Return, Form 1040, for herself and her spouse for calendar year 2007, on which she failed to report income that she had earned in the UPHAM UBS Accounts that year, and which falsely reported that UPHAM did not have an interest in, or signature or other authority over, a foreign bank account in 2007.

         f.    From on or about June 5, 2008 through on or about March 31, 2009, UPHAM moved approximately $8,554,598 of her funds from UBS to Liechtenstein Bank A.

(Title 18, United States Code, Section 371.)

### COUNTS TWO THROUGH FOUR
### (Subscribing to False Individual Tax Returns)

The United States Attorney further charges:

    25.    The factual allegations of paragraphs 1 through 18 and paragraphs 23 through 24 are restated as if fully alleged

herein.

    26. On or about the filing dates set forth below, in the Southern District of New York and elsewhere, SYBIL NANCY UPHAM, the defendant, unlawfully, willfully, and knowingly did make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the calendar years set forth below and filed on or about the dates indicated below, which returns contained and were verified by the written declaration of UPHAM that they were made under penalties of perjury, and which returns UPHAM did not believe to be true and correct as to every material matter, in that UPHAM: (a) failed to report income received by her in one or more bank, securities, and other financial accounts at UBS; and (b) failed, on Schedule B, Part II, line 7a, to report that she had an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Switzerland, whereas UPHAM then and there well knew and believed that she had received income in one or more accounts at UBS and had an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Switzerland:

| Count | Calendar year | Approximate Date of Filing |
|-------|---------------|----------------------------|
| Two   | 2004          | February 20, 2006          |
| Three | 2006          | January 1, 2008            |
| Four  | 2007          | April 12, 2008             |

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Section 2.)

*Preet Bharara*

PREET BHARARA
United States Attorney

17

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SYBIL NANCY UPHAM,

Defendant.

### INFORMATION

S1 10 Cr. 326 (AKH)

(Title 18, United States Code, Sections 371, 2;
Title 26, United States Code, Section 7206(1)).

PREET BHARARA
United States Attorney.

---

* Filed Waiver of Indictment + Information,

11-10-10

WD

Deft. pres. with attorney __Mr. Abramowitz__.
AUSA __Ms. Perry__ Court Reporter __Pres.__
Interpreter pres/(no) pres. Deft. withdraws plea of not guilty & enters a plea of guilty to count(s) __1, 2, 3 + 4__. PSI Ordered. Sentence __Feb 10, 290__
Bail __cont.__
Mag. Judge __Gorenstein__ recommends Judge __Hellerstein__ accept the guilty plea.

Gorenstein
U.S.M.J